MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING (CA Bar No. 143515)
bseiling@manatt.com
JUSTIN C. JOHNSON (Bar No. CA 252175
E-mail: jjohnson@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
Factor Nutrition Labs, LLC

**FILED**

AUG 1 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EDL*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY GRAY, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FACTOR NUTRITION LABS, LLC; VITAL BASICS, INC.; WALGREEN CO. and DOES 1 to 10, Inclusive,<br><br>Defendants. | No. CV 10 3526<br><br>NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1441 AND 1446<br><br>[Filed concurrently with:<br>(1) Notice of Related Case;<br>(2) Certificate as to Interested Parties;<br>(3) Corporate Disclosure Statement;<br>(4) Declaration of Annie Hodgdon;<br>(5) Civil Case Cover Sheet; and<br>(6) Proof of Service] |

Factor Nutrition Labs, LLC ("Defendant") gives notice that it is removing the captioned case, originally filed in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-1-501551, to the United States District Court for the Northern District of California.  Defendant removes the case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds set forth below.

1.     On July 14, 2010, plaintiff Amy Gray ("Plaintiff"), acting individually and on behalf of a putative class of supposedly similarly situated persons she seeks

NOTICE OF REMOVAL OF CIVIL ACTION

1  to represent, filed this action in San Francisco County Superior Court.

2       2.     On July 15, 2010, Defendant was first served with a copy of the

3  summons and complaint. Removal of this action is therefore timely, in that

4  Defendant has filed the notice of removal within 30 days of receiving the summons

5  and complaint. *See* 28 U.S.C. § 1446(b).

6       3.     The action also names Vital Basics, Inc. and Walgreen Co. as

7  defendants. Walgreen Co. has been served, and filed an answer to the complaint in

8  San Francisco County Superior Court. Defendant is unaware whether Vital Basics,

9  Inc. has been served.

10      4.     According to the docket for the San Francisco County Superior Court

11 for this action, the summons, complaint, amendments to complaint, civil case cover

12 sheet, notice of case management conference and answers of Defendant and

13 Walgreen Co. constitute all process, pleadings, papers and orders filed in San

14 Francisco County Superior Court in this action within the meaning of 28 U.S.C.

15 § 1446(a). Copies of these documents are attached as Exhibit A. Exhibit A

16 constitutes the complete record of all records and proceedings in state court.

17      5.     The removal of this action terminates all proceedings in San Francisco

18 County Superior Court. *See* 28 U.S.C. § 1446(d).

19      6.     Defendant removes this action pursuant to the Class Action Fairness

20 Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), and 28 U.S.C. § 1453, on the grounds

21 that: (a) this action is a proposed "class action" as defined in 28 U.S.C.

22 § 1332(d)(1)(B); (b) Defendant is a Delaware corporation with its principal place of

23 business in Maine; (c) no other defendant is a citizen of California; (d) Plaintiff is a

24 resident of California who seeks to represent a putative class of California

25 consumers; and (e) the alleged amount in controversy exceeds $5,000,000.

26

27                          **Proposed Class Action**

28      7.     Plaintiff alleges that this case is brought as a class action. Plaintiff

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

seeks to certify a class that consists of all persons located within California who purchased FOCUSfactor® – a nutritional supplement distributed by Defendant – for personal use at any time during the four years preceding the filing of this action. Complaint, ¶ 21 (Ex. A). Plaintiff seeks injunctive relief, declaratory relief and all available remedies under the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code § 17200 et seq. (the "UCL"), which include monetary damages, penalties, restitution of all monies paid, attorneys' fees and costs, and punitive damages. Complaint, ¶¶ 33 and 36 (Ex. A). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

## Minimal Diversity

8.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties in this case. On information and belief, Plaintiff was, as of the time of the filing of the complaint, a citizen of California. Complaint ¶ 1 (Ex. A). Plaintiff seeks to represent a class that consists of "all persons located within California who purchased FOCUSfactor® for personal use at any time during the four years preceding the filing of this Complaint." *Id*. ¶ 21. Defendant was organized under the laws of Delaware, with its principal place of business in Maine, as Plaintiff's allegations show. Accordingly, there is diversity between Plaintiff and Defendant, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

9.     In addition, neither Vital Basics, Inc. or Walgreens Co. – the other named defendants – are citizens of California. On information and belief,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

1   Walgreen Co. is organized under the laws of Illinois, with its principal place of

2   business Illinois.  On information and belief, Vital Basics, Inc. was organized under

3   the laws of Delaware, with its principal place of business in Maine.  Defendant is

4   unaware whether Vital Basics, Inc. currently operates or even exists.  Therefore,

5   Plaintiff will be unable to establish any exception to the minimal diversity

6   requirements of CAFA.  28 U.S.C. § 1332(d)(4)(A).

7

8   ### Amount in Controversy

9       10.     This is an "action in which the matter in controversy exceeds the sum

10  or value of $5,000,000." 28 U.S.C. § 1332(d)(2).  "In any class action, the claims

11  of the individual class members shall be aggregated to determine whether the

12  matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

13  and costs." 28 U.S.C. § 1332(d)(6).

14      11.     When a plaintiff fails to plead a specific amount of damages and if the

15  amount in controversy is not "facially apparent" from the complaint, "the court may

16  consider facts in the removal petition" to determine the amount at issue.  *Kroske v.*

17  *US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm*

18  *Mut. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

19      12.     Among other remedies, Plaintiff seeks an order compelling Defendant

20  to refund all monies paid by persons who purchased FOCUSfactor® for personal

21  use within California from July 14, 2006 through the present.  Plaintiff alleges that

22  a bottle of FOCUSfactor® retails for $69.95, and that Defendant has sold over

23  4,000,000 bottles and generated over $100,000,000 in revenues.  Complaint,

24  Complaint ¶ 10, pg. 2:9-11 (Ex. A).  Plaintiff also seeks injunctive relief requiring

25  Defendant to change its business practices.

26      13.     Defendant denies any liability in this case and intends to vigorously

27  oppose class certification and to defend the case on the merits.  Defendant reserves

28  all rights in that regard.  For purposes of jurisdictional requirements for removal

only, based on these allegations alone, Defendant has evidence showing that the allegations in the Plaintiff's complaint put in controversy, in the aggregate, an amount that exceeds $5,000,000.

14. Defendant's records show that during the relevant four-year period, sales of FOCUSfactor® at California retail stores and to consumers who reside in California exceeded $5 million. Hodgdon Decl. ¶ 4. Plaintiff seeks to recover this entire amount from Defendant. Defendant disputes that Plaintiff is entitled to recover these sums, even if she prevails on her class claims. Nevertheless, the amount sought in the complaint by Plaintiff and the putative class exceeds the $5 million jurisdictional amount specified in 28 U.S.C. § 1332(d)(6).

15. Plaintiff also seeks injunctive relief requiring Defendant to change its business and advertising practices in an unspecified way. Complaint, ¶ 33 (Ex. A). The value of the injunctive relief sought must also be considered in determining the amount in controversy. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, (9th Cir. 2002) (the court solely looked to the value of the injunctive relief sought to determine the amount in controversy in affirming removal).

## Removal is Proper

16. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. § 1441(a). Therefore, Defendant is entitled to remove the instant action to this Court, because the Court could have asserted original jurisdiction over the case.

17. San Francisco County Superior Court lies within the Northern District of California. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a).

18. Written notice of the filing of this Notice of Removal and the removal of the state court action is being delivered to Plaintiff through her counsel of record.

A copy of this Notice of Removal will be filed promptly with the Clerk of the San Francisco County Superior Court, as required by 28 U.S.C. § 1446(d). Defendant attaches as Exhibit B to this Notice a copy of the notice to be filed with the state court.

WHEREFORE, Defendant respectfully gives notice that the above-entitled action is removed from the San Francisco County Superior Court to the United States District Court for the Northern District of California.

Dated: August 11, 2010          MANATT, PHELPS & PHILLIPS, LLP
                                   Brad W. Seiling
                                   Justin C. Johnson

By: _____
       Brad W. Seiling
       *Attorneys for Defendant*
       Factor Nutrition Labs, LLC

300131846.1

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

7/14/10          First Legal

FAXED

4158261331

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FACTOR NUTRITION LABS, LLC.; VITAL BASICS, INC.;
WALGREEN CO. and DOES 1-10, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMY GRAY, individually, and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Francisco Superior Court

400 McAllister Street

San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-10-501551

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 610 Newport Center Dr., #700, Newport Beach, CA 92660 (949) 706-6464

DATE:  JUL 1 4 2010    **CLERK OF THE COURT**   Clerk, by      P. NATT      , Deputy
*(Fecha)*                                         *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

7/14/10        First Legal        FAXED   4h56261331

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Scott J. Ferrell, 202091 <br> NEWPORT TRIAL GROUP <br> 610 Newport Center Drive, Suite 700 <br> Newport Beach, CA 92660 <br>   TELEPHONE NO.: (949) 706-6464      FAX NO.: (949) 706-6469 <br> ATTORNEY FOR *(Name):* Plaintiff and the Class | FOR COURT USE ONLY <br> **ENDORSED FILED** <br> **SUPERIOR COURT** <br> **COUNTY OF SAN FRANCISCO** <br><br> JUL 1 4 2010 <br><br> **CLERK OF THE COURT** <br> BY: ____ **PARAM NATT** ____ <br>               Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
GRAY v. FACTOR NUTRITION LABS, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | CGC ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CGC - 10 - 501551 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) <br> ☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06) <br> ☐ Rule 3.740 collections (09) <br> ☐ Other collections (09) <br> ☐ Insurance coverage (18) <br> ☐ Other contract (37) | ☐ Antitrust/Trade regulation (03) <br> ☐ Construction defect (10) <br> ☑ Mass tort (40) <br> ☐ Securities litigation (28) <br> ☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> ☐ Asbestos (04) <br> ☐ Product liability (24) <br> ☐ Medical malpractice (45) <br> ☐ Other PI/PD/WD (23) | **Real Property** <br> ☐ Eminent domain/Inverse condemnation (14) <br> ☐ Wrongful eviction (33) <br> ☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** <br> ☐ Business tort/unfair business practice (07) <br> ☐ Civil rights (08) <br> ☐ Defamation (13) <br> ☐ Fraud (16) <br> ☐ Intellectual property (19) <br> ☐ Professional negligence (25) <br> ☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> ☐ Commercial (31) <br> ☐ Residential (32) <br> ☐ Drugs (38) <br> **Judicial Review** <br> ☐ Asset forfeiture (05) <br> ☐ Petition re: arbitration award (11) <br> ☐ Writ of mandate (02) <br> ☐ Other judicial review (39) | **Enforcement of Judgment** <br> ☐ Enforcement of judgment (20) <br> **Miscellaneous Civil Complaint** <br> ☐ RICO (27) <br> ☐ Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> ☐ Partnership and corporate governance (21) <br> ☐ Other petition *(not specified above)* (43) |
| **Employment** <br> ☐ Wrongful termination (36) <br> ☐ Other employment (15) | | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. ☑ Large number of separately represented parties       d. ☑ Large number of witnesses
  b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
  c. ☑ Substantial amount of documentary evidence         f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Two
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: July 14, 2010

Scott J. Ferrell
_____       ▶ ~~signature~~
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

                                                                 Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

7/14/10          First Legal



1   NEWPORT TRIAL GROUP
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
3   sferrell@trialnewport.com
    David W. Reid, Bar No. 267382
4   dreid@trialnewport.com
5   610 Newport Center Drive, Suite 700
    Newport Beach, CA 92660
6   Tel: (949) 706-6464
7   Fax: (949) 706-6469

8   Attorneys for Plaintiff

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 1 4 2010

CLERK OF THE COURT
BY:_____PARAM NATT_____
                Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 17 2010   9:00 AM

DEPARTMENT 212

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN FRANCISCO

11

12
    AMY GRAY, individually, and on behalf
13  of all others similarly situated,
14
            Plaintiff,
15
16          vs.
17
    FACTOR NUTRITION LABS, LLC.;
18  VITAL BASICS, INC.; WALGREEN CO.
    and DOES 1-10, Inclusive,
19
20          Defendants.
21
22

Case No.

CGC·10·501551

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

23              I.   INTRODUCTION

24      Defendants have been defrauding consumers by claiming that FOCUSfactor®

25  Memory Booster ("FOCUSfactor®") will "support and maintain memory,

26  concentration and focus." In reality, it does not. In fact, a prominent study conducted

27

28

                            - 1 -

1 | NEWPORT TRIAL GROUP
A Professional Corporation
2 | Scott J. Ferrell, Bar No. 202091
3 | sferrell@trialnewport.com
David W. Reid, Bar No. 267382
4 | dreid@trialnewport.com
5 | 610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
6 | Tel: (949) 706-6464
7 | Fax: (949) 706-6469

8 | Attorneys for Plaintiff

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SAN FRANCISCO**

11 |

| | |
|---|---|
| AMY GRAY, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| FACTOR NUTRITION LABS, LLC.; VITAL BASICS, INC.; WALGREEN CO. and DOES 1-10, Inclusive, | |
| Defendants. | |

## I.     INTRODUCTION

Defendants have been defrauding consumers by claiming that FOCUSfactor® Memory Booster ("FOCUSfactor®") will "support and maintain memory, concentration and focus." In reality, it does not. In fact, a prominent study conducted

- 1 -

1  by the University of California has specifically identified the FOCUSfactor claims as
2  false, concluding that "no product on the market will boost your memory."

3  Regrettably, by making these false claims, Defendants have convinced unwary
4  consumers to pay an outrageous price for what is, at best, a cheap multivitamin. Worse
5  yet, promoted by outrageously false advertising, the Defendants have intentionally
6  targeted senior citizens, knowing that they are the consumers most likely to suffer from
7  the type of memory and concentration loss that Defendants guarantee FOCUSfactor®
8  will prevent.

9  Based upon the false claims by Defendants and their affiliate marketers,
10  Defendants have sold over 4,000,000 bottles of FOCUSfactor® and generated over
11  $100,000,000 in revenues. Accordingly, Plaintiff Amy Gray ("Plaintiff") brings this
12  lawsuit – primarily to enjoin this fraud, and secondarily to recover the millions of
13  dollars taken from Californians by this nefarious practice.

14
15                                **II. THE PARTIES**

16  **A.    The Plaintiff**

17      1.    Plaintiff, AMY GRAY, is a California citizen who purchased
18  FOCUSfactor® at Walgreen.

19  **B.    The Defendants**

20      2.    Defendant VITAL BASICS, INC. is a corporation doing business
21  throughout the United States that owns, advertises, and distributes the FOCUSfactor®
22  brand of memory supplements.

23      3.    Defendant FACTOR NUTRITION LABS, LLC is a limited liability
24  company located in Portland, Maine and doing business throughout the United States
25  that owns, advertises and distributes the FOCUSfactor® brand of memory supplements.

26
27
28

1    4.    Defendant WALGREEN CO. is a corporation doing business throughout
2  the United States that independently advertises and sells the FOCUSfactor® brand of
3  memory supplements.

4    5.    Plaintiffs do not know the true names or capacities of the persons or
5  entities sued herein as DOES 1 to 10, inclusive, and therefore sue such Defendants by
6  such fictitious names.  Plaintiffs will amend this complaint to set forth the true names
7  and capacities of these Defendants when they have been ascertained.

8                    **III.    JURISDICTION AND VENUE**

9    6.    This Court has jurisdiction over all causes of action asserted herein
10  pursuant to the California Constitution.

11   7.    Venue is proper in this Court because Defendants have received substantial
12  compensation from sales in this County.   Specifically, each Defendant knowingly
13  engages in activities directed at consumers in this County, and each Defendant obtains
14  substantial benefits from the Defendants' common scheme perpetrated in this County.
15  Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code
16  Section 1780(d).

17   8.    Defendants and other out-of-state participants can be brought before this
18  Court pursuant to California's "long-arm" jurisdictional statute.

19
20                    **IV.    BACKGROUND FACTS**

21   9.    Plaintiff purchased FOCUSfactor® at a Walgreens in early 2010 because
22  she hoped to enhance her memory and concentration.    Prior to purchasing
23  FOCUSfactor®, she read, reviewed, relied upon, and believed the false claims made on
24  the product packaging, the FOCUSfactor® website, www.focusfactor.com, as well as
25  the Walgreen website. The product packaging is depicted as follows:

26
27
28

-3-

1
2
3
4
5
6
7
8
9
10
11
12



13    10.    Defendants boast that FOCUSfactor® is "America's #1 Selling Brain
14  Health Supplement" and that it "Supports, and Maintains Memory, Concentration and
15  Focus."  On its website, Defendants guarantee that consumers who "take at least 4
16  tablets every day" will experience memory support "in as little as 2 weeks."
17  Defendants' website is quick to remind consumers to take "at *least* 4 tablets every day"
18  (emphasis added).  A bottle of FOCUSfactor® retails on Defendants' website for an
19  astounding $69.95 plus $6.95 for shipping and handling when consumers enroll in the
20  "Preferred Customer Program" where consumers' credit cards are billed automatically
21  each month for automatic shipment of the product.   The Walgreen website makes
22  similar claims.

23    11.    Every year, millions of senior citizens seek help for failing memory and
24  concentration issues.  Knowing that those of advanced age suffer from memory loss, as
25  well as focus and concentration issues, Defendants target senior citizens by making
26  false and misleading claims about the dramatic results they can expect from
27  FOCUSfactor®.  With graphs on Defendants' website showing decreased memory and
28

- 4 -

1  focus as one's age increases, as well as testimonials from senior citizens praising
2  FOCUSfactor®'s results, Defendants specifically target senior citizens by guaranteeing
3  that FOCUSfactor® "supercharges your brain" when, in fact, FOCUSfactor® fails to
4  produce such results.    Defendants have no competent and reliable evidence to
5  substantiate these claims.

6        12.    The University of California Berkeley found that FOCUSfactor®'s claims
7  of improving memory and mental abilities are not backed by research.  In his *U.C.*
8  *Berkeley Wellness Letter*, Dr. John Swartzberg specifically attacks Defendants' claims,
9  stating emphatically that "*no* product on the market will boost your memory."  Dr.
10 Swartzberg dismisses the efficacy of FOCUSfactor® by stating that ingredients found
11 in FOCUSfactor® "can be found in any basic multivitamin/mineral pill and many in
12 foods as well."    Addressing specific ingredients that FOCUSfactor® claims will
13 improve memory and mental abilities, Dr Swartzberg states the following:

14  • *Choline, a type of fat that is plentiful in foods. It is important for the brain and*
15    *nervous system, but there is no evidence that consuming extra choline will do*
16    *anything for memory.*

17  • *DMAE, a brain chemical that helps the body produce choline. As a supplement it*
18    *is sold for everything from reducing facial wrinkles to making you smarter. But*
19    *it's very unlikely that DMAE can do any of this.*

20  • *Vitamins, such as C, E, B6, B12, and folic acid. Elderly people with low blood*
21    *levels of B vitamins are more likely to be mentally impaired. That may simply*
22    *reflect their poor diets, as well as reduced absorption by the body. It's unlikely*
23    *that well-nourished people can improve their memory by taking vitamins.*

24  • *An herbal bouquet, including huperzine A, vinpocetine, and others. Huperzine is*
25    *under study as a potential Alzheimer's drug. There is no solid evidence that it*
26    *works. It is sold for memory enhancement in Europe, but there's no proof that it,*
27    *or any of the other herbs in Focus Factor, is effective.*

28

- 5 -

1  Dr. Swartzberg further notes that FOCUSfactor® also sells a formulation for children.
2  He states, "Children don't need this product ... and there's no evidence it's safe for
3  them."[1]

4      13.   FOCUSfactor® has a history of making unsubstantiated claims regarding
5  the efficacy of its product. C. Wayne Callaway, M.D., P.C., is a renowned specialist in
6  Endocrinology, Metabolism, and Clinical Nutrition. Dr. Callaway was the former
7  Director of Nutrition at the Mayo Clinic. In 2001, the Washington Post, investigating
8  FOCUSfactor®'s claim that it prevented "brain starvation," sought guidance from Dr.
9  Calloway. Upon describing to Dr. Calloway the claims set forth at that time in
10  FOCUSfactor®'s advertising, the Washington Post reported Mr. Calloway's reaction:

11  *He listened to the text of the ad, and laughed. "It's ludicrous," he said. The*
12  *body takes care of the brain first, he said, before any other organ. As a medical*
13  *diagnosis, "brain starvation" can be adequately summarized by its initials.*[2]

14

15      14.   Furthermore, the FOCUSfactor® website and packaging creates a
16  misleading overall net impression of the product. Defendants' website induces
17  unwitting consumers to rely upon explicit guarantees of instant and effective results.
18  Defendants guarantee that "FOCUSfactor® starts working to support your memory the
19  very first time you take it." *See* Defendants' internet advertising at
20  http://www.focusfactor.com, an accurate copy of which is attached hereto as Exhibit 3.

21

22      15.   The preceding claims are false. FOCUSfactor® does not affect brain
23  function. Indeed, Defendants have no competent and reliable evidence to substantiate
24  its claims that FOCUSfactor® "Supports, and Maintains Memory, Concentration and

25

26  _____

[1]  *See* Dr. Swartzberg's Wellness Report, an accurate copy of which is attached hereto as Exhibit 1.
27
[2]  An accurate copy of the *Washington Post* article is attached hereto as Exhibit 2.
28

1  Focus" as it guarantees. Instead, Defendants, make false advertising claims in an effort
2  to lure unwary consumers into paying an inflated price for a worthless product.

3

4      16.    In fact, this is not the first time that Defendants Vital Basics, Inc. and
5  Factor Nutrition Labs, LLC have run afoul of the law by making false claims about
6  FOCUSfactor®. In fact, on March 17, 2004, in a press release entitled "*Marketers of*
7  *the Supplements "Focus Factor" and "V-Factor" Agree to Settle FTC Charges and*
8  *Pay $1 Million*" the Federal Trade Commission Noted:

9          *Marketers of "Focus Factor," a dietary supplement that purports to*
10         *improve concentration. . . have agreed to settle Federal Trade Commission*
11         *charges that they made numerous unsubstantiated advertising claims for*
12         *the products. In one complaint, the FTC charges Vital Basics, Inc. of*
13         *Portland, Maine, and its principals, Robert Graham and Michael Shane*
14         *(VBI respondents), with not having adequate substantiation to back up*
15         *claims they made about the efficacy of "Focus Factor" and the safety of*
16         *"V-Factor Natural Pack." The VBI respondents have agreed to a consent*
17         *order containing provisions designed to prevent them from engaging in*
18         *similar acts or practices in the future and requiring the payment of $1*
19         *million in consumer redress.*

20

21     17.    The injunction entered by the Federal Trade Commission prohibits
22  Defendants from making any representation about the safety, performance, benefits or
23  efficacy for any food, drug or dietary supplement for "the brain or any mental functions
24  or processes."[3]

25     18.    To differentiate itself from other sellers of FOCUSfactor®, Walgreen Co.
26  also prominently advertises a "100% Satisfaction Guarantee" on all of its products.

27  ---
   [3] An accurate copy of the FTC report and Consent Decree is attached hereto as Exhibit 4.

28

1 Plaintiff purchased the product because she believed the deceptive marketing; she was
2 obviously not satisfied with her purchase and suffered a competitive injury thereby.

3    19.    Plaintiff used FOCUSfactor® as directed but did not obtain any noticeable
4 results regarding her memory, concentration or focus.

5    20.    By letter dated February 8, 2010, Plaintiff advised Defendant of its
6 ongoing violations of the Consumer Legal Remedies Act ("CLRA"). At the time
7 Defendant received Plaintiff's CLRA letter, and continuously since then, Defendant has
8 been dedicated to the fraudulent and misleading promotion and sale of FOCUSfactor®,
9 and has continually put forth the false and misleading claims discussed above. A true
10 and correct copy of this letter is attached hereto as Exhibit 5.

11

12                    **V.    CLASS ACTION ALLEGATIONS**

13    21.    Plaintiffs bring this class action for damages and other monetary relief on
14 behalf of the following class:

15            All persons located within California who purchased
16            FOCUSfactor® for personal use at any time during the four
17            years preceding the filing of this Complaint (the "Class").

18    22.    Excluded from the Class are governmental entities, Defendants, any entity
19 in which defendants have a controlling interest, and Defendants' officers, directors,
20 affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries,
21 and assigns. Also excluded from the Class is any judge, justice, or judicial officer
22 presiding over this matter and the members of their immediate families and judicial
23 staff.

24    23.    NUMEROSITY: The proposed Class is so numerous that individual
25 joinder of all its members is impracticable. Due to the nature of the trade and
26 commerce involved, however, Plaintiffs believe that the total number of Class members
27 is at least in the tens of thousands and members of the Class as numerous and

28

1 | geographically dispersed across California. While the exact number and identities of
2 | the Class members are unknown at this time, such information can be ascertained
3 | through appropriate investigation and discovery.

4 |     24.   COMMONALITY: There is a well-defined community of interest in the
5 | questions of law and fact involved affecting the class and these common questions
6 | predominate over any questions that may affect individual Class members. Common
7 | questions of fact and law include, but are not limited to, the following:

8 |     a.   Are Defendants' efficacy claims about FOCUSfactor® false?

9 |     b.   Are Defendants' efficacy claims about FOCUSfactor® misleading?

10 |     c.   Do Defendants have adequate substantiation to support the
11 |         FOCUSfactor® efficacy claims?

12 |     d.   When and to what extent did Defendants know that the
13 |         FOCUSfactor® efficacy claims were false or misleading?

14 |     25.   TYPICALITY: Plaintiff's claims are typical of the claims of the members
15 | of the Class. Plaintiff and all members of the Class have been similarly affected by
16 | Defendants' common course of conduct since they all purchased FOCUSfactor® for
17 | personal use after Defendants made the efficacy claims.

18 |     26.   ADEQUACY: Plaintiff will fairly and adequately represent and protect the
19 | interests of the Class. Plaintiff has no interests adverse to that of the class. Plaintiff has
20 | retained counsel with substantial experience in handling complex class action litigation.
21 | Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf
22 | of the Class. Plaintiff has retained an attorney that is widely recognized as one of the
23 | most successful and effective class action litigators in California, who frequently
24 | lectures at approved MCLE seminars regarding class action strategy, and whose trial
25 | victories have been publicized on CNN, Fox News, MSNBC, and nearly every major
26 | California newspaper. Plaintiff's counsel has also been certified as lead class counsel in
27 | similar class actions.

28

27. SUPERIORITY: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

# VI. CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT
### (On Behalf of Plaintiff and Class against Defendants)

28. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money as a result of Defendants' actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff purchased FOCUSfactor® for her own personal use. In so doing, she reviewed, believed, and relied upon each of the preceding marketing claims.

1      29.    Plaintiff used FOCUSfactor® as directed, but it did not work as advertised,

2  nor did plaintiff experience any of the promised benefits. FOCUSfactor® was

3  worthless to Plaintiff and the advertising claims and quality guarantees were false and

4  misleading.

5      30.    Prior to filing this action, Plaintiff's counsel mailed to Defendants, by

6  certified mail, return receipt requested, the written notice required by Civil Code

7  Section 1782(a). An accurate copy of that letter is attached to this Complaint as Exhibit

8  5.

9      31.    Plaintiff has filed concurrently herewith the declaration of venue required

10  by Civil Code Section 1780(d).

11      32.    Defendants' wrongful business practices constituted, and constitute, a

12  continuing course of conduct in violation of the California Consumer Legal Remedies

13  Act since Defendants continuously and falsely represented FOCUSfactor® as having

14  characteristics and benefits that it does not. As such, FOCUSfactor® has injured

15  Plaintiffs and the Class.

16      33.    Plaintiff's primary goal in bringing this action is to enjoin the false

17  marketing claims referenced above. However, Plaintiff also seeks all available

18  remedies under the Consumer Legal Remedies Act.

19  

**SECOND CAUSE OF ACTION**

20  **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

21  **CODE SECTIONS 17200, 17500, ET SEQ.**

22  **(By Plaintiff and Class Against Defendants)**

23      34.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in

24  fact and have lost money as a result of Defendants' false advertising and unfair business

25  practices. Specifically, prior to the filing of this action, Plaintiff purchased

26  FOCUSfactor® for her own personal use. In so doing, she relied upon the false

27

28

1  representations referenced above. She used FOCUSfactor® as directed but it has not
2  worked as advertised and was worthless.

3      35.  Defendants' actions as alleged in this Complaint constitute an unfair or
4  deceptive business practice within the meaning of California Business and Professions
5  Code section 17200 in that Defendants' actions are unfair, unlawful, and misleading,
6  and because the advertising statements are false and misleading within the meaning of
7  California Business and Professions Code sections 17500, et seq.

8      36.  Plaintiff seeks all remedies available under Section 17200 of the California
9  Business and Professions Code, including restitutionary and injunctive relief, as well as
10 attorneys' fees and costs.

11
12                              **PRAYER FOR RELIEF**

13      Wherefore, Plaintiff and members of the Class request that the Court enter an
14 order or judgment against Defendants as follows:

15      1.  Certification of the proposed classes and notice thereto to be paid by
16 Defendants;

17      2.  Adjudge and decree that Defendants have engaged in the conduct alleged
18 herein;

19      3.  For all legal and equitable remedies available under the Consumer Legal
20 Remedies Act.

21      4.  For all legal and equitable remedies available under the Unfair Business
22 Practices Act;

23      5.  For any and all other legal and equitable remedies that may be available,
24 including damages, statutory penalties, attorneys' fees, costs, and pre-judgment and
25 post-judgment interest; and

26 ///
27 ///
28

1    6.    For any and all such other and further relief that this Court may deem just

2    and proper.

3

4    Dated: July 14, 2010                    NEWPORT TRIAL GROUP
                                             A Professional Corporation
5

6                                            By:_____
7                                                 Scott J. Ferrell

8
                                             Attorneys for Plaintiff and the Class
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Amy Gray, declare as follows:

2    1.    I am a Plaintiff in this action, and am a citizen of the State of California. I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6    2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that San Francisco is a county in which

8    Defendants are doing business.

9

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct.

12

13                                    Amy Gray
                                      _____
14                                    Amy Gray

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-



# Wellness Guide to Dietary Supplements

Home

Supplement List

**Subscribe Now
to the
Wellness Letter**

## Focus Factor

Focus Factor is a cocktail of 40 ingredients, half of which can be found in any basic multivitamin/mineral pill and many in foods as well. Ingredients in Focus Factor include the following:

- Choline, a type of fat that is plentiful in foods. It is important for the brain and nervous system, but there is no evidence that consuming extra choline will do anything for memory.

- DMAE, a brain chemical that helps the body produce choline. As a supplement it is sold for everything from reducing facial wrinkles to making you smarter. But it's very unlikely that DMAE can do any of this.

- DHA. This is an omega-3 fatty acid found in fish. The idea that eating fish and its oil is good for the brain persists, and maybe there's some truth in this.

- Vitamins, such as C, E, B6, B12, and folic acid. Elderly people with low blood levels of B vitamins are more likely to be mentally impaired. That may simply reflect their poor diets, as well as reduced absorption by the body. It's unlikely that well-nourished people can improve their memory by taking vitamins.

- An herbal bouquet, including huperzine A, vinpocetine, and others. Huperzine is under study as a potential Alzheimer's drug. There is no solid evidence that it works. It is sold for memory enhancement in Europe, but there's no proof that it, or any of the other herbs in Focus Factor, is effective.

**Claims, purported benefits:** Improves memory and mental abilities.

**Bottom line:** This formulation is not backed by research. No product on the market will boost your memory. The manufacturer also sells a formulation for children. Children don't need this product—it won't smarten them up in school, and there's no evidence it's safe for them.



Berkeley Wellness Alerts

**Sign up now**
**For your FREE**
Berkeley Wellness Alerts

- Dietary Supplements
- Healthy Eating
- Healthy Heart
- Men's Health
- Women's Health
- Lifelong Wellness

Get current, practical health advice delivered straight to your email inbox For FREE!

click here

---

**Available Now!**
**Wellness Report on Dietary Supplements 2010**

Have you ever wondered about the health claims on a bottle of vitamins, herbs, or some other "natural" remedy? Been curious about how a popular supplement works—and what the evidence is for its effectiveness and safety? Are you helping yourself—or throwing your money away—when you buy a particular supplement?

You can find answers to all your questions in our newly updated Dietary Supplements 2010—one of the titles in a series of special

Wellness Reports by Dr. John Swartzberg and the editors of the *UC Berkeley Wellness Letter.* Whether you already take supplements or are thinking about it, you will benefit from the expert advice in this concise yet comprehensive 64-page report. It provides current, authoritative information on 60 of the most widely used supplements and includes in-depth reviews of supplements recently in the news—from Vitamin D and fish oil to those claiming to enhance your memory and your immune system.

With this single convenient resource, you can quickly check the facts behind the claims, discover what the latest studies show, learn which products are safe or harmful.

**Click here for free 30-day preview**

© 2010 MediZine LLC. All rights reserved.

Advertisement

**What discloses wider, faster, and more accurately?**
CALL 1 888-761-5129   LEARN MORE

**Business Wire**

# Los Angeles Times | ARTICLE COLLECTIONS

YOU ARE HERE: LAT Home → Collections → Memory

Ads by Google

**Ask a Doctor Online Now**
14 Doctors Are Online. Ask a Question, Get an Answer ASAP.
Web.JustAnswer.com/MD

**Women 's Hair Loss Doctor**
Explore Hair Treatment Options To Solve Your Hair Loss Problems
www.zieringmedical.com/women

**Disc Replacement Doctor**
Minimally Invasive Back Procedure In Florida w/ MRI Review. Book Now!
www.LaserSpineInstitute.com

**Dizziness Doctor**
Dizziness dampering your life? Free online DVD will open your eyes
www.StopDizzinessToday.com

FIND MORE STORIES ABOUT

· Memory
· Brain
· False Advertising
· Food Additives
· Misinformation

## It Doesn't Take a Brain Surgeon ...

July 27, 2001 | GENE WEINGARTEN, WASHINGTON POST

WASHINGTON — If you're like me, you suffer the occasional absent-minded moment: misplacing your keys, losing your train of thought, arriving at work without pants, etc. That is why I snapped to attention the instant I heard the ad on the radio for a food supplement called Focus Factor.

It's one of the top complaints that doctors hear from their patients today. The symptoms include fatigue, poor memory and trouble concentrating. It's called Brain Starvation!

Ads by Google

Advertisement

**Simple Dementia Tests**
Everyday Tips to Preserving Memory From America's #1 Hospital - Free!
www.JohnsHopkinsHealthAlerts.com

**Quality Answering Service**
Friendly & Professional Staff Full Service 24/7 Call Center
www.CentralComm.com



At last, a diagnosis. I wasn't old, I was hungry! Could this be? After I got to work I telephoned my doctor, but when the receptionist answered—true fact—I forgot why I had called. Fortunately, this ad is everywhere, and I soon heard it again on my way home.

Focus Factor's creator, Dr. Kyl Smith, explains in his ad that modern food-processing practices leach nutrients from our foods: "This can turn an otherwise healthy brain into mush!"

This was more serious than I thought.

Forget my doctor, a mere GP.

I telephoned Washington's most renowned nutritionist, C. Wayne Calloway, and demanded to know why medical science had not warned us of this national scourge. He listened to the text of the ad, and laughed. "It's ludicrous," he said. The body takes care of the brain first, he said, before any other organ. As a medical diagnosis, "brain starvation" can be adequately summarized by its initials.

He blamed this sort of ad on Congress, which in 1994 passed a law exempting food supplements from control of the Food and Drug Administration, permitting all sorts of thinly supported claims.

I called Focus Factor's toll-free number. The salesman, Tom, kept trying to get me to pay $149.99 for a special introductory three-month supply, and I kept saying I wanted to talk to Dr. Smith personally.

Exasperated, Tom finally said, "If you were gonna buy a Chrysler, would you call up and ask to talk to Lee Iacocca?" and hung up on me.

I decided to research Dr. Kyl Smith via Mary Lou. Mary Lou is a newspaper librarian. Newspaper librarians can find out everything about you, such as your birth date, your professional affiliations, your address and the price you paid for your home. (Too much, in your case. She checked.) Within minutes, I had learned quite a bit about Dr. Smith.

Ads by Google

**Angie's List Doctors**
Want the best local doctor? Read patient reviews to help you choose.
www.AngiesList.com

Los Angeles Times   Copyright 2010 Los Angeles Times    | Terms of Service

Index by Keyword | Index by Date | Privacy Policy

1 | 2 | Next



HOME    ORDER    INFO    HEALTH ARTICLES    FAQS    CONTACT US



AS SEEN ON **TV** Have you seen us on TV?

Click a person for their testimonial

**→ TRY IT NOW**

**Real People, Real Results!**



**Get their story, click their image**

**America's #1 Selling**
Brain Health Supplement
**OVER 4,003,239 SOLD!**



Get an entire bottle **FREE!**
with enrollment in our preferred customer program
Pay only $4.95 S/P today

**Click Here**

FOCUSfactor on FaceBook    FOCUSfactor on YouTube    FOCUSfactor on Twitter



FOCUSfactor BENEFITS

YOUR MEMORY

YOUR FOCUS

INCREASED STRESS / AGE

It's not too late!
Taken regularly, FOCUSfactor® supports memory, concentration, and focus. Guaranteed to support your memory in as little as 2 weeks or your money back! (less S/P)

# Taking FOCUSfactor® is a smart decision

**back**

If you are not satisfied with any future purchase of FOCUSfactor®, simply return your bottle within 30 days of purchase for a refund (less S/P).

botanical extracts and essential omega-3 oils, FOCUSfactor® is America's #1 selling Brain Health Supplement.

**Try FOCUSfactor® for FREE! $40 Value Totally FREE!**

You've heard the commercial. We are so confident that you will love FOCUSfactor®, we will let you try an entire 60 count bottle of FOCUSfactor® for free with your enrollment in our Preferred Customer Program and $4.95 to help cover the cost of S/P. This is the real product seen on TV.

# Where should we send your free trial offer?

### It's easy, just enter your info:

Are you in the USA or Canada? ☑Yes

First Name

Last Name

Address

Apt. / Unit #

City

State
State

Zip

Email



### FOCUSfactor® is America's #1 Selling Brain Health Supplement

FOCUSfactor® contains a proprietary, patent-pending blend of nutrients and neuro-boosters to support your memory, focus, and concentration.**

### Millions have made the decision to try FOCUSfactor®

With over 4 million bottles sold, now is your chance to try it FREE with your enrollment in our Preferred Customer Program and $4.95 to help cover the cost of S/P. Click here to see the Terms and Conditions

**Guaranteed to support your memory or your money**



Get The FOCUSfactor® Edge!

Containing a unique blend of vitamins, minerals, protective antioxidants,





TESTED    14-JULY

FOCUSfactor® gives you the savings, security, confidence, and support you deserve.

**Buy direct from the manufacturer with a 100% money-back guarantee!** (less S/P)

FREE BOTTLE OFFER INFORMATION

The offer of a free bottle is limited to one free bottle per household. Each future purchase of FOCUSfactor™ comes with a money back guarantee of the product price (less S/P). Today, your account will be charged $4.95 to help cover the cost of S/P for your free bottle of FOCUSfactor®, which you will receive in about 5 business days. By accepting these terms and conditions, you are agreeing to enroll in the Preferred Customer subscription program and to receive monthly automatic shipments of one bottle of FOCUSfactor®, at the Preferred Customer price of just $69.95 and $6.95 S/P unless you cancel. That's $15.00 off our regular price per bottle! In 15 days, and then every month thereafter, unless you cancel, as a Preferred Customer, you will receive a fresh shipment of one bottle of FOCUSfactor® for $69.95 with $6.95 S/P, billed to the credit card you provide today, when each product ships. If you do not wish to receive monthly automatic shipments, you agree to call within the next 15 days to cancel your preferred customer status, in which case, today's $4.95 S/P fee for your free bottle is ALL that you will be charged. You agree that if you do not call to cancel, your first monthly shipment will be sent in 15 days, and your account will be charged $69.95 with $6.95 for each monthly shipment.

You may call customer service toll-free at 1-800-825-1423 to cancel or customize the timing of your Preferred Customer shipments. Customer service hours are Monday through Friday from 9am-6pm eastern time.

Home     Product Information     Health Articles     FAQs     Contact Us     Privacy Policy     Policies

© 2010 Factor Nutrition Labs, LLC. All Rights Reserved

* Some participants may have received complimentary Focus Factor for providing their testimonial.

** These statements have not been evaluated by the Food and Drug Administration.
This product is not intended to diagnose, treat, cure, or prevent any disease.

FreeFocusFactor     AsSeenOnTv     FOCUSfactor INFO



**Federal Trade Commission**
**Protecting America's Consumers**

For Release: March 17, 2004

## Marketers of the Supplements "Focus Factor" and "V-Factor" Agree to Settle FTC Charges and Pay $1 Million

Marketers of "Focus Factor," a dietary supplement that purports to improve concentration, and "V-Factor," a supplement that purports to enhance sexual performance, have agreed to settle Federal Trade Commission charges that they made numerous unsubstantiated advertising claims for the products. In one complaint, the FTC charges Vital Basics, Inc. of Portland, Maine, and its principals, Robert Graham and Michael Shane (VBI respondents), with not having adequate substantiation to back up claims they made about the efficacy of "Focus Factor" and the safety of "V-Factor Natural Pack." The VBI respondents have agreed to a consent order containing provisions designed to prevent them from engaging in similar acts or practices in the future and requiring the payment of $1 million in consumer redress. In the other complaint, the FTC charges Creative Health Institute, Inc. of Corinth, Texas, and its principal, Dr. Kyl Smith (CHI respondents), with making unsubstantiated claims about Focus Factor's ability to improve users' focus, memory, mood, and concentration. The CHI respondents have also agreed to a consent order designed to prevent similar practices in the future and requiring the payment of $60,000 in consumer redress.

Focus Factor is a dietary supplement that contains, among other things, vitamins, minerals, botanicals, and amino acids. Dr. Smith developed Focus Factor, and advertised and sold it through Creative Health Institute from at least 1997 to 2000. Since 2000, the VBI respondents have advertised and sold Focus Factor, and the CHI respondents participated in the advertising of the product. The respondents allegedly marketed Focus Factor as improving the focus, memory, and concentration of healthy adults; alleviating stress and combating the fatigue, irritability, and mood swings that healthy adults experience; making children and teenagers feel more alert, focused, and mentally sharp; improving students' ability to concentrate and their academic performance; improving senior citizens' memory, mental clarity, and energy; improving adults' ability to absorb information in books and to recall facts, figures, and names; and as having the desired effects in as little as one to 10 days. The Commission's two complaints challenge these claims as unsubstantiated.

V-Factor is a dietary supplement that contains, among other things, yohimbine and L-argenine. The VBI respondents allegedly marketed V-Factor as a male sexual performance enhancer. The FTC alleges that the VBI respondents did not have substantiation for their claim that V-Factor is safe for virtually all men, and that they misrepresented that a clinical study proved that V-Factor is safe and effective at improving sexual response and function.

The Commission's complaints further allege that both sets of respondents failed to disclose that certain endorsers who appeared in Focus Factor advertising had material connections with the product. In addition, the FTC alleges that the VBI respondents: (1) represented that consumer endorsements were made without compensation, and failed to disclose that consumer endorsements were solicited with a promise of a free 6-month supply of Focus Factor to those individuals whose testimonials were used in advertising; and (2) misrepresented that certain radio infomercials were independent radio programs, not paid commercial advertising.

The proposed consent agreement with the VBI respondents prohibits any representation about the safety, performance, benefits or efficacy for any food, drug or dietary supplement for:

- the brain or any mental functions or processes;
- sexual response, function, enhancement, or performance; or
- the treatment, cure, mitigation, or prevention of any disorder;

unless the respondents possess and rely upon competent and reliable evidence substantiating that representation. In addition, the proposed settlement prohibits them from making unsubstantiated safety claims for V-Factor or any product containing yohimbine; misrepresenting the existence, contents, validity, results, conclusions, or interpretations of any test; failing to disclose material connections with endorsers; and misrepresenting the nature of paid advertising. Finally, the settlement requires the VBI respondents to pay $1 million in consumer redress.

- The proposed consent agreement with the CHI respondents prohibits them from making any representation about the benefits, performance, or efficacy for any food, drug or dietary supplement for:

- the brain or any mental functions or processes;

- stress, anxiety, energy, mood, or behavior;

- academic or business performance;

- longevity, age-related memory impairment, or dementia; or

- the treatment, cure, mitigation, alleviation of the symptoms, prevention, or reduction in the risk of any mental, brain, or central nervous system disease or disorder;

unless they possess and rely upon competent and reliable evidence substantiating that representation. The proposed settlement further requires that they clearly and prominently disclose any material connections with endorsers. Finally, the proposed settlement requires the CHI respondents to pay $60,000 in consumer redress.

**The Commission vote to place the two proposed consent agreements and complaints on the public record was 5-0.** Announcements regarding the two proposed consent agreements will be published in the Federal Register shortly. The agreements will be subject to public comment for 30 days, until April 16, 2004, after which the Commission will decide to make them final. Comments should be addressed to the FTC, Office of the Secretary, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580.

NOTE: A consent agreement is for settlement purposes only and does not constitute an admission of a law violation. When the Commission issues a consent order on a final basis, it carries the force of law with respect to future actions. Each violation of such an order may result in a civil penalty of $11,000.

Copies of the complaints, proposed consent agreements, and analyses of the agreement to aid in public comment are available from the FTC's Web site at http://www.ftc.gov and also from the FTC's Consumer Response Center, Room 130, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580. The FTC works for the consumer to prevent fraudulent, deceptive, and unfair business practices in the marketplace and to provide information to help consumers spot, stop, and avoid them. To file a complaint, or to get free information on any of 150 consumer topics, call toll-free, 1-877-FTC-HELP (1 877-382-4357), or use the complaint form at http://www.ftc.gov. The FTC enters Internet, telemarketing, identity theft, and other fraud-related complaints into Consumer Sentinel, a secure, online database available to hundreds of civil and criminal law enforcement agencies in the U.S. and abroad.

**Media Contact:**

Brenda Mack
*Office of Public Affairs*
202-326-2182

**Staff Contact:**

Heather Hippsley or Shira Modell
*Bureau of Consumer Protection*
326-3285 or 202-326-3116

(FTC File No. 012-3248)

E-mail this News Release
If you send this link to someone else, the FTC will not collect any personal information about you or the recipient.

| Related Documents: |
|---|

*In the Matter of* Vital Basics, Inc.; Robert B. Graham; and Michael B. Shane, File No. 012 3248

*In the Matter of* Creative Health Institute, Inc., and Kyl L. Smith, File No. 012 3248



**NEWPORT**
TRIAL GROUP
A Professional Corporation

610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

February 8, 2010

## BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Factor Nutrition Labs, LLC
100 Commercial Street, Suite 200
Portland, Maine 04101
Attn: Chief Executive Officer

     *Re:    Ongoing Violations of California Consumer Legal Remedies Act*

Ladies and Gentlemen:

    **Please give this letter your complete and immediate attention.**

### I.    Introduction

I am writing on behalf of Randy Carver, as well as a class of similarly situated persons, to advise you that the above-referenced parties ("Defendant") has violated and continue to violate the California Consumer Legal Remedies Act.

### II.    Factual Background

Defendant profits from the marketing, advertising, and distribution of the product "Focus Factor," a purported brain supplement. Specifically, Defendant:

1. Falsely claims that Focus Factor "is America's #1 Selling Brain Supplement;"

2. Falsely claim that Focus Factor "supports and maintains memory, concentration and focus;" and

LITIGATION

February 8, 2010
Page 2

3. Creates a misleading overall net impression regarding the product.

In reality, Focus Factor does not affect brain function, and the authority upon which Defendant relies to support the preceding claims does not substantiate those claims.

### III.  Summary of Violations

Defendant's conduct violates the California Consumer Legal Remedies Act by, without limitation:

1. Falsely representing that Focus Factor has characteristics, uses and benefits which it does not have;

2. Falsely representing that Focus Factor is of a particular standard, quality, or grade;

3. Fraudulently inducing consumers to purchase Focus Factor;

4. Placing Focus Factor for sale to the general public when it does not materially conform to the product's advertisements;

5. Making unsubstantiated claims regarding scientific research performed on the product; and

6. Labeling Focus Factor in a way that is misleading in a material respect.

### IV.  Demand for Relief

We intend to file suit seeking individual, representative, and class relief unless, within the time frame referenced above, Defendant:

1. Agree to irrevocably stop all false and misleading advertising of Focus Factor; and

2. Identify all consumers who have purchased Focus Factor within the applicable limitations period and provide such consumers with appropriate refund.

February 8, 2010
Page 3

## V.    Offer of Compromise

If Defendant will agree to the preceding request, we will take no further action in this matter, nor will we make any claim for attorneys' fees.

Please contact me at any time if you would like to discuss this matter.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Scott J. Ferrell

SJF/lb

CASE NUMBER: CGC-10-501551 AMY GRAY VS. FACTOR NUTRITION LABS, LLC et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:** DEC-17-2010
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges



# Superior Court of California
## County of San Francisco



HON. JAMES J. MCBRIDE
PRESIDING JUDGE

## Judicial Mediation Program

JENIFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07 0010 /---

1   MANATT, PHELPS & PHILLIPS, LLP
    BRAD W. SEILING (Bar No. CA 143515)
2   JUSTIN C. JOHNSON (Bar No. CA 252175)
    11355 West Olympic Boulevard
3   Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000
4   Facsimile: (310) 312-4224

5   Attorneys for Defendant
    WALGREEN CO.
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN FRANCISCO

10

11  AMY GRAY, individually, and on behalf        Case No. CGC-10-501551
    of all other similarly situated,
12                                               DEFENDANT WALGREEN CO.'S ANSWER
               Plaintiff,                        TO PLAINTIFF'S COMPLAINT
13
        vs.
14
    FACTOR NUTRITION LABS, LLC;
15  VITAL BASICS, INC.; WALGREEN CO.             **FILED BY FAX**
    and DOES 1-10, Inclusive,
16
               Defendants.
17

18

19          Defendant Walgreen Co. ("Walgreen" or "Defendant"), on behalf of itself and no

20  other defendants, answers plaintiff Amy Gray's ("Plaintiff") unverified complaint as follows:

21                              **GENERAL DENIAL**

22          Pursuant to Section 431.30(d) of the California Code of Civil Procedure, generally

23  denies each and every allegation in the Complaint and denies that Plaintiff are entitled to the

24  relief sought, or that Plaintiff has been damaged in any manner.

25                            **AFFIRMATIVE DEFENSES**

26          As separate and distinct affirmative defenses to the Complaint, Defendant alleges

27  as follows:

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW            DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT
LOS ANGELES

| 1 | **FIRST AFFIRMATIVE DEFENSE** |
| 2 | (Failure to State Facts Sufficient to Constitute Cause of Action) |
| 3 | The Complaint, and each of the causes of action, fails to state facts sufficient to |
| 4 | constitute a cause of action against Defendant. |
| 5 | **SECOND AFFIRMATIVE DEFENSE** |
| 6 | (Lack of Standing) |
| 7 | Plaintiff lack standing to sue under the Unfair Competition Law, Cal. Bus. & Prof. |
| 8 | Code § 17200 *et seq* ("UCL"), and Cal. Civil Code § 1750 *et seq* because she has not suffered an |
| 9 | injury in fact and a loss of money or property. |
| 10 | **THIRD AFFIRMATIVE DEFENSE** |
| 11 | (Laches) |
| 12 | Plaintiff's action is barred by the equitable doctrine of laches. |
| 13 | **FOURTH AFFIRMATIVE DEFENSE** |
| 14 | (Statutes of Limitations) |
| 15 | Each cause of action in the Complaint is barred by the relevant statute of |
| 16 | limitations, including but not limited to Code of Civil Procedure Sections 337, 338 and 343, Cal. |
| 17 | Bus. & Prof. Code § 17208, Cal. Civ. Code § 1783 and any applicable contractual limitations |
| 18 | period. |
| 19 | **FIFTH AFFIRMATIVE DEFENSE** |
| 20 | (Unclean Hands) |
| 21 | Each cause of action in the Complaint is barred by the doctrine of unclean hands. |
| 22 | **SIXTH AFFIRMATIVE DEFENSE** |
| 23 | (Estoppel) |
| 24 | Plaintiff is estopped from claiming or recovering the damages and/or other relief |
| 25 | sought in the Complaint. |
| 26 | **SEVENTH AFFIRMATIVE DEFENSE** |
| 27 | (Waiver) |
| 28 | Plaintiff, by her acts and/or omissions, has waived any right to recover for the |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

1  causes of action alleged in the Complaint.

2  **EIGHTH AFFIRMATIVE DEFENSE**

3  (Consent)

4  Plaintiff authorized, approved, ratified, consented to, or acquiesced to the alleged

5  conduct described in the Complaint.

6  **NINTH AFFIRMATIVE DEFENSE**

7  (Good Faith Belief)

8  At all relevant times, Defendant acted with a good faith belief that it had good

9  cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform

10  any acts that would constitute a violation of Plaintiff's rights. As a consequence, Plaintiff is not

11  entitled to any damages, disgorgement or any other relief whatsoever.

12  **TENTH AFFIRMATIVE DEFENSE**

13  (No Reliance)

14  The Complaint, and each purported claim for relief therein, is barred because

15  Plaintiff did not actually, reasonably or justifiably rely on any alleged misrepresentations by

16  Defendant.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  (Assumption of the Risk)

19  Plaintiff, with total appreciation of the risks involved, whether expressly or

20  impliedly, knowingly and voluntarily assumed the risks and hazards of the injuries and damages

21  complained of, if any, resulting therefrom.

22  **TWELFTH AFFIRMATIVE DEFENSE**

23  (No intent and reasonable safeguards)

24  Defendant had no intent to violate any statute, including the Consumer Legal

25  Remedies Act, and has adopted reasonable procedures to avoid any violations.

26  **THIRTEENTH AFFIRMATIVE DEFENSE**

27  (Lack of Standing to Seek Injunctive Relief Under UCL)

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

1             Plaintiff lacks standing to seek injunctive relief under the UCL because she has no

2   ongoing contractual or other relationship with Defendant and, therefore, is not personally

3   threatened by the misconduct alleged.

4                   **FOURTEENTH AFFIRMATIVE DEFENSE**

5               (Insubstantial Consumer Harm Precludes "Unfairness")

6             The harm to consumers, if any, from Defendant's alleged business practices is

7   insubstantial. The absence of substantial injury to consumers precludes a finding of "unfairness"

8   and, accordingly, Plaintiff's UCL claim is without merit.

9                   **FIFTEENTH AFFIRMATIVE DEFENSE**

10          (The Challenged Practices' Utility Precludes "Unfairness" under UCL)

11             The harm, if any, attributable to Defendant's alleged business practices is

12   outweighed by the utility of those practices. The presence of such countervailing utility precludes

13   a finding of "unfairness" and, accordingly, the UCL claims for relief are without merit.

14                   **SIXTEENTH AFFIRMATIVE DEFENSE**

15         (Countervailing Benefits to Consumers Preclude Unfairness under UCL)

16             The harm, if any, attributable to Defendant's alleged business practices is

17   outweighed by countervailing benefits to consumers. The presence of such countervailing

18   consumer benefits precludes a finding of "unfairness" and, accordingly, the UCL claims for relief

19   are without merit.

20                  **SEVENTEENTH AFFIRMATIVE DEFENSE**

21                    (Conduct Not Unlawful)

22             The Complaint and alleged causes of action, and each of them, are barred because

23   Defendant's practices as alleged are not "unlawful" within the meaning of Cal. Bus. & Prof. Code

24   §§ 17200 or 17500.

25                  **EIGHTEENTH AFFIRMATIVE DEFENSE**

26              (Conduct Not Fraudulent or Deceptive)

27             The Complaint and alleged causes of action, and each of them, are barred because

28   Defendant's practices as alleged are not "fraudulent" or "deceptive" within the meaning of Cal.

4

1 | Bus. & Prof. Code § 17200.

2 | ### NINETEENTH AFFIRMATIVE DEFENSE

3 | (Plaintiff's Claims Not Typical)

4 | On information and belief, this case is not suitable for class certification because,

5 | among other reasons, Plaintiff's claims are not typical of the putative class she purports to

6 | represent.

7 | ### TWENTIETH AFFIRMATIVE DEFENSE

8 | (Plaintiff Does Not Adequately Represent the Putative Class)

9 | On information and belief, Plaintiff is not an adequate class representative.

10 | ### TWENTY-FIRST AFFIRMATIVE DEFENSE

11 | (Common Issues Do Not Predominate)

12 | On information and belief, class treatment is not proper because common issues of

13 | law and facts do not predominate over individual issues.

14 | ### TWENTY-SECOND AFFIRMATIVE DEFENSE

15 | (Members of Putative Class Not Readily Identifiable)

16 | This case is not suitable for class action treatment because, among other reasons,

17 | the members of the putative class defined in the Complaint are not readily identifiable.

18 | ### TWENTY-THIRD AFFIRMATIVE DEFENSE

19 | (Lack of Damages)

20 | All or some of Plaintiff's claims are barred because Plaintiff has not suffered any

21 | damages resulting from acts or omissions by Defendant.

22 | ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

23 | (No Basis for Attorneys' Fees)

24 | The Complaint fails to state facts that would entitle Plaintiff to recover attorneys'

25 | fees.

26 | ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

27 | (Failure to Mitigate)

28 | Defendant is informed and believes, and on that basis alleges, that at all times

1    relevant, Plaintiff has failed, neglected and refused to mitigate damages, if any, thus barring, or at

2    least reducing, any recovery to which Plaintiff might be entitled in this lawsuit.

3                            **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

4                      (Failure to Allege Facts Sufficient to Recover Punitive Damages)

5             Plaintiff is not entitled to punitive or exemplary damages because the Complaint

6    fails to allege facts sufficient to warrant an award of punitive damages under California law.

7                        **TWENTY-SEVENTY AFFIRMATIVE DEFENSE**

8                                (Third Party)

9             Defendant alleges that some or all of Plaintiff's claims are barred because the

10    alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant

11    and, that at all times, said persons or entities acted without the consent, authorization, knowledge,

12    or ratification of Defendant with regard to the acts as alleged in the Complaint.

13                          **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

14                            (Lack of Jurisdiction)

15             Defendant alleges that some or all of Plaintiff's claims are barred because Plaintiff

16    failed to comply with the jurisdictional prerequisites of Cal. Civ. Code § 1782 prior to

17    commencing this action against Defendant.

18                          **TWENTY-NINTH AFFIRMATIVE DEFENSE**

19                   (Right to Assert Additional Affirmative Defenses)

20             Defendant presently has insufficient knowledge or information upon which to

21    form a belief as to whether it may have additional, as yet unstated, affirmative defenses.

22    Defendant hereby reserves the right to assert additional affirmative defenses in the event that

23    discovery indicates that additional affirmative defenses are appropriate.

24

25            WHEREFORE, Defendant prays as follows:

26            1. That Plaintiff take nothing by way of the Complaint and that the Complaint be

27            dismissed;

28            2. That class certification be denied;

1    3. That judgment be entered against Plaintiff and in favor of Defendant;

2    4. That Defendant be awarded its costs of suit herein; and

3    5. For such other and further relief as this Court deems just and proper.

4

5    Dated:    August 10, 2010              MANATT, PHELPS & PHILLIPS, LLP
                                           Brad W. Seiling
6                                          Justin C. Johnson

7

8                                          By:  _____
                                                Brad W. Seiling
9                                               Attorneys for Defendant
                                                WALGREEN CO.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &                                           7
PHILLIPS, LLP
ATTORNEYS AT LAW                 DEFENDANT WALGREEN CO.'S ANSWER TO COMPLAINT
LOS ANGELES

1

## PROOF OF SERVICE

2

I, Carlyn Falls, declare as follows:

3

I am employed in Los Angeles County, Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On August 10, 2010, I served the within:

4

5

### *DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S COMPLAINT*

6

7

on the interested parties in this action addressed as follows:

8

**NEWPORT TRIAL GROUP**
**Scott J. Ferrell**
**David W. Reid**
**610 Newport Center Drive**
**Suite 700**
**Newport Beach, CA 92660**
**Phone: (949) 706-6464**
*Attorneys for Plaintiff*
**AMY GRAY**

9

10

11

12

13

14

☒ **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

15

16

17

18

19

☐ **(BY OVERNIGHT MAIL)** By placing such document(s) in a sealed envelope, for collection and overnight mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of overnight service mailing, said practice being that in the ordinary course of business, correspondence is deposited with the overnight messenger service, _____, for delivery as addressed.

20

21

22

23

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 10, 2010, at Los Angeles, California.

25

26

27

Carlyn Falls

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

# EXHIBIT B

1  MANATT, PHELPS & PHILLIPS, LLP
   BRAD W. SEILING (Bar No. CA 143515)
2  JUSTIN C. JOHNSON (Bar No. CA 252175)
   11355 West Olympic Boulevard
3  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
4  Facsimile: (310) 312-4224

5  Attorneys for Defendant
   FACTOR NUTRITION LABS, LLC
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11 AMY GRAY, individually, and on behalf      Case No. CGC-10-501551
   of all other similarly situated,
12
                Plaintiff,                     NOTICE TO ADVERSE PARTIES AND
13                                             STATE COURT OF REMOVAL TO
        vs.                                    FEDERAL COURT
14
   FACTOR NUTRITION LABS, LLC;
15 VITAL BASICS, INC.; WALGREEN CO.            Date Filed:    July 14, 2010
   and DOES 1-10, Inclusive,                   Trial Date:    None Set
16
                Defendants.
17

18

19 **TO THE CLERK OF SAN FRANCISCO SUPERIOR COURT AND TO PLAINTIFF AND**

20 **HER ATTORNEYS OF RECORD:**

21      **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in

22 the United States District Court for the Northern District of California, San Francisco, on August

23 11, 2010. A copy of said Notice of Removal is attached as Exhibit A to this Notice and is served

24 and filed herewith.

25      **PLEASE TAKE FURTHER NOTICE** that a copy of the Notice of Removal is

26 being filed with the Clerk of the Superior Court of the State of California, in and for the County

27 of San Francisco, located at 400 McAllister Street, San Francisco, California 94102, and that

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES          NOTICE TO ADVERSE PARTIES AND STATE COURT OF REMOVAL TO FEDERAL COURT

1    pursuant to 28 U.S.C. § 1446(d), the filing of this Notice effects the removal of this action and

2    this Court is to "proceed no further unless and until the case is remanded."

3

4    Dated:    August 11, 2010              MANATT, PHELPS & PHILLIPS, LLP
                                            Brad W. Seiling
5                                           Justin C. Johnson

6

7                                      By: _____
                                            Brad W. Seiling
8                                           *Attorneys for Defendant*
                                            FACTOR NUTRITION LABS, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2